[Opinion delivered December 16, 1885.]

---

[No. 2148.]

### *Ex Parte* WILLIAM M. BOGLE.

HABEAS CORPUS.—The commissioners' court of a county in which there is neither a work house nor a farm has authority under the Revised Statutes (articles 3591–3597) to issue an order requiring a prisoner who, under a conviction for a misdemeanor, refuses to pay the fine and costs assessed against him, to labor on any public improvements in process of construction. It is only when there is no work house or farm, and no public improvements upon which the convict can be put to work, and when the county authorities have failed to hire him out, that the convict can claim the benefit of article 816 of the Code of Criminal Procedure. See this case in illustration.

*Habeas Corpus* on appeal from the County Court of Palo Pinto. Tried below before the Hon. E. K. Taylor, County Judge.

The opinion discloses the case.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge.   Appellant was convicted of a misdemeanor in the county court and adjudged to pay a fine of $100 and the costs of the prosecution, said costs amounting to $78.53.   On the 13th day of August, 1885, in default of payment of said fine and costs, he was confined in jail.   On the 14th of August, 1885, he made and caused to be filed his affidavit that he was unable to pay said fine and costs.   He has been confined in jail under said conviction ever since the 13th of August, 1885.   There is no county work house or farm in said county.   There was a public improvement to be made, however, to wit, the digging of a well for the use of the jail.   By an order of the commissioners' court appellant was required to labor on this well for ten hours each day, Sundays excepted, at a credit of $1 per day on said fine and costs.   This he refused to do, although the evidence shows he was able to do such labor.   He sued out this *habeas corpus* before the county judge, claiming that he had remained in jail a sufficient length of time to be entitled to his discharge under article 816 of the Code of Criminal Procedure.   Upon a hearing of the application the judge refused to discharge him, and he has appealed to this court.

We are of the opinion that he is not entitled to his discharge. The commissioners' court had the authority to make the order requiring him to work on the well.  (R. S., arts. 3591–3597.)   This work he was bound to do, if able, and the proof shows he was able. It is only where there is no work house or farm in a county, and no public improvements upon which the convict can be put to work, and where the county authorities fail to hire him out, that he can claim the benefit of article 816, Code Criminal Procedure.   If there be a work house or farm, or any public improvement upon which he can be put to work, the county authorities are not bound to hire him out, but may require him to labor in said work house, or upon said farm or improvements, and his refusal to do such labor will deprive him of the right to claim a discharge under the law.

We find no error in the judgment of the county judge, and it is affirmed.

*Affirmed.*